IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID G. SOTO, | ) | No. C 10-4072 LHK (PR) |
| Plaintiff, | )<br>) | ORDER PARTIAL DISMISSAL;<br>ORDER OF SERVICE; |
| v. | )<br>) | DIRECTING DEFENDANT TO<br>FILE DISPOSITIVE MOTION |
| CHIEF MICHAEL HENESSY, et al., | )<br>) | OR NOTICE REGARDING<br>SUCH MOTION |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that various San Francisco County Jail ("SFCJ") officials violated his constitutional rights. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court orders service on Defendant Jones.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff alleges that on January 26, 2010, Defendant Deputy Jones, Badge # 1607, ordered him to back up to the tray slot so that Jones could place handcuffs on him. Plaintiff complied. Jones yanked both of Plaintiff's arms through the door and cuffed his wrists. Once Plaintiff exited his cell, Jones grabbed Plaintiff's left arm and lifted it upward towards Plaintiff's neck. Plaintiff states that he had received shoulder surgery two years prior, and asked Jones to "be careful" with his left shoulder. Plaintiff alleges that Jones' actions were unnecessary and resulted in a re-injury to his shoulder. Liberally construed, Plaintiff states a cognizable claim of excessive force.

C.   Dismissed Defendants

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633. To defeat summary judgment, sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights. *Id.* at 634. A defendant cannot be held liable simply based on his membership in a group; rather, each individual defendant's participation in unlawful conduct must be shown. *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding jury instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper). Either

personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009).

Here, Plaintiff names Defendant Chief Michael Henessy. However, Plaintiff does not provide any factual support connecting him with any constitutional violation. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor may also be liable upon a showing that he implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, there is no indication that Henessy was aware of, or acquiesced in, the alleged constitutional violation.

Plaintiff also names Deputy Del Los Reyes, Badge #2016, as a Defendant. However, Del Los Reyes is only mentioned in the complaint as having received an inmate grievance form submitted by Plaintiff. To the extent Plaintiff claims that a Del Los Reyes violated his due process right by denying his grievance, it fails to state a claim. A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). In addition, Plaintiff does not allege that Del Los Reyes proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) (noting that a person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to

1  do, that causes the deprivation of which the plaintiff complains).

2  Accordingly, Defendants Henessy and Del Los Reyes are DISMISSED without
3  prejudice.  If Plaintiff can, in good faith, allege facts supporting a cognizable claim against these
4  Defendants, he may file an amended complaint.

## CONCLUSION

6  For the foregoing reasons, the court hereby orders as follows:

7  1.  Defendants Henessy and Del Los Reyes are DISMISSED without prejudice.

8  2.  The Clerk shall issue a summons and the United States Marshal shall serve,
9  without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments
10 thereto, and copies of this order on **Deputy Jones, Badge # 1607,** at **the San Francisco County**
11 **Jail** in **San Francisco, CA**.  The Clerk shall also serve a copy of this order on Plaintiff and mail
12 a courtesy copy of the complaint to the California Attorney General's Office.

13 3.  No later than **ninety (90) days** from the date of this order, Defendant shall file a
14 motion for summary judgment or other dispositive motion with respect to the cognizable claim
15 in the complaint.

16 a.  If Defendant elects to file a motion to dismiss on the grounds that Plaintiff
17 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
18 Defendant shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
19 F.3d 1108, 1119-20 (9th Cir. 2003).

20 b.  Any motion for summary judgment shall be supported by adequate factual
21 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
22 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
23 **immunity found, if material facts are in dispute.  If Defendant is of the opinion that this**
24 **case cannot be resolved by summary judgment, he shall so inform the Court prior to the**
25 **date the summary judgment motion is due.**

26 4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and
27 served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

28

1    a. In the event Defendant files an unenumerated motion to dismiss under
2  Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

1  consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff
2  without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*
3  *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4      5.    Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's
5  opposition is filed.

6      6.    The motion shall be deemed submitted as of the date the reply brief is due.  No
7  hearing will be held on the motion unless the court so orders at a later date.

8      7.    All communications by the Plaintiff with the court must be served on Defendant,
9  or Defendant's counsel once counsel has been designated, by mailing a true copy of the
10 document to Defendant or Defendant's counsel.

11     8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
12 No further court order is required before the parties may conduct discovery.

13     For Plaintiff's information, the proper manner of promulgating discovery is to send
14 demands for documents or interrogatories (questions asking for specific, factual responses)
15 directly to Defendant's counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
16 matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).
17 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
18 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
19 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
20 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
21 proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply
22 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
23 to his benefit to wait until defendants have filed a dispositive motion which could include some
24 or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
25 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
26 Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer
27 with Defendant in person.  Rather, if his discovery requests are denied and he intends to seek a
28

Order of Partial Dismissal; Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Soto072srv.wpd      6

1 motion to compel, he must send a letter to Defendant to that effect, offering him one last
2 opportunity to provide him with the sought-after information.

3       9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
4 and all parties informed of any change of address and must comply with the Court's orders in a
5 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
6 pursuant to Federal Rule of Civil Procedure 41(b).

7       IT IS SO ORDERED.

8 DATED:   11/10/2010　　　　　　　　　　_____
                                             LUCY H. KOH
9                                              United States District Judge

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28